# Law Offices of
# Rocco F. D'Agostino

445 Hamilton Ave., Suite 607  
White Plains, New York 10601

Tel: (914) 682-1993  
Fax: (914) 682-1994

January 25, 2024

**Via ECF and First Class Mail**

Gary M. Krim, Esq.  
Law Office of Rosenbaum & Taylor, P.C.  
707 Westchester Avenue  
Suite 409  
White Plains, New York 10604

Re: Justin C. Amendola (et. al.) v. Nadia F. Cavellero  
[US Dist. Ct., So. Dist. N.Y. Case No: 7:23-cv-10607-KMK]

Dear Mr. Krim:

Please be reminded that the undersigned has been retained to represent Defendants Nadia F. Cavellero, Robert N. Amendola and Anna Vecchio, in connection with the above refenced action.

**PLEASE TAKE NOTICE THAT** this letter is intended to serve as a pre-motion letter pursuant to Section II (A) of the Individual Rules of Practice of the Honorable Kenneth M. Karas dated August 28, 2023, informing Plaintiffs of Defendants' intention to move for dismissal of Plaintiffs' "First Amended Complaint" [Doc. 8] dated December 11, 2023, on behalf of all Defendants, in lieu of an answer.

The Defendants have reviewed Plaintiffs' "First Amended Complaint" [Doc. 8] dated December 11, 2023 and seek dismissal of the complaint based upon two (2) separate and independent grounds as follows: (1) Rule 12 (b) (1) of the Federal Rules of Civil Procedure requires dismissal because the District Court lacks subject matter jurisdiction; and (2) Rule 12 (b) (6) of the Federal Rules of Civil Procedure requires dismissal because the complaint fails to state a claim upon which relief can be granted.

### 1. The Matter in Controversy does not exceed the Sum of $75,000

Plaintiffs allege that the District Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332 (a), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

Letter to Gary M. Krim, Esq.
January 25, 2024
Page - 2 of 6 -

Because Plaintiffs seek federal jurisdiction, it is the Plaintiffs who carry the burden of establishing that jurisdiction exists. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). And if we assume for the purpose of this argument that the parties are diverse, then federal courts would entertain jurisdiction only in cases where "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs." *Id.*

To determine if the "amount in controversy" requirement has been met, the Court must look first to the Plaintiff's complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938) ("If from the face of the pleadings, it is apparent, to a legal certainty, . . . that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed.").

In *Snyder v. Harris*, 394 U.S. 332 (1969), the United States Supreme Court held that diversity jurisdiction does not allow multiple Plaintiffs to aggrege their claims in order to satisfy the threshold jurisdictional amount. In fact, non-aggregation applies not only to claims in a multi-plaintiff action, but also to actions involving multiple defendants. Hence, "[t]he general rule with respect to the aggregation of the claims of a plaintiff against two or more defendants is that where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate." *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961); *Pilgrim's Pride Corp. v. Frisco Food Servs., Inc.*, 2007 WL 508365, at 2 (E.D. Tex. Feb. 13, 2007) (in context of traditional diversity jurisdiction, noting that "[i]n general, claims against multiple defendants can only be aggregated for the purpose of meeting the jurisdictional requirement if the defendants are jointly liable to the plaintiff.") (citing *Jewell*); *Hollinger v. Home State Cnty. Mutual Insurance Co.*, 2010 WL 11530632, at *9 (E.D.Tex., 2010).

In the case at bar, two (2) separate and individual plaintiffs (to wit: Justin C. Amendola and Lisa Griffo o/b/o CAA, a minor) filed the "First Amended Complaint" [Doc. 8] seeking to impress a constructive trust upon exactly twenty-five (25%) percent of a condominium known as 117 DeHaven Drive, Unit 353, Yonkers, New York (hereinafter "subject condominium unit") against three (3) separate defendants (to wit: Nadia F. Cavellero, Robert N. Amendola and Anna Vecchio). As such, Plaintiffs have presented a total of six (6) separate claims before the District Court:

> **Claim # 1:** Justin C. Amendola demands judgment against Nadia F. Cavellero seeking to impress a constructive trust upon one-third (1/3) of one-half (1/2) of the 25% interest in the subject condominium unit that is held by Nadia F. Cavellero;

Letter to Gary M. Krim, Esq.
January 25, 2024
Page - 3 of 6 –

      **Claim # 2:** Justin C. Amendola demands judgment against Robert N. Amendola seeking to impress a constructive trust upon one-third (1/3) of one-half (1/2) of the 25% interest in the subject condominium unit that is held by Robert N. Amendola;

      **Claim # 3:** Justin C. Amendola demands judgment against Anna Vecchio seeking to impress a constructive trust upon one-third (1/3) of one-half (1/2) of the 25% interest in the subject condominium unit that is held by Anna Vecchio;

      **Claim # 4:** Lisa Griffo, on behalf of CAA (a minor), demands judgment against Nadia F. Cavellero seeking to impress a constructive trust upon one-third (1/3) of one-half (1/2) of the 25% interest in the subject condominium unit that is held by Nadia F. Cavellero;

      **Claim # 5:** Lisa Griffo, on behalf of CAA (a minor), demands judgment against Robert N. Amendola seeking to impress a constructive trust upon one-third (1/3) of one-half (1/2) of the 25% interest in the subject condominium unit that is held by Robert N. Amendola; and

      **Claim # 6:** Lisa Griffo, on behalf of CAA (a minor), demands judgment against Anna Vecchio seeking to impress a constructive trust upon one-third (1/3) of one-half (1/2) of the 25% interest in the subject condominium unit that is held by Anna Vecchio.

In Paragraph 9 of Plaintiff's "First Amended Complaint" [Doc. 8], Plaintiffs aggregated all six (6) of Plaintiffs separate claims against all three defendants in an apparent effort to satisfy the threshold jurisdictional amount by simply swearing that: "the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs." However, Plaintiffs never alleged that the matter in controversy in any one of the six (6) separate claims exceeded the sum or value of $75,000, exclusive of interest and costs. Moreover, Plaintiffs complaint did not contain any allegation concerning the value of the subject condominium unit, nor did it contain an appraisal or other such document that would establish the value of the subject condominium unit.

In fact, the "Full Market Value" of the subject condominium unit known as 117 DeHaven Drive, Unit 353, Yonkers, New York was recently determined by the Assessor in and to the City of Yonkers, New York to be **$226,369.00**. *See* "Statement of Taxes" annexed hereto. Twenty-Five percent of the value of the subject condominium unit would be worth only **$56,592.25.**

In order for the Federal Court to have jurisdiction over any one of Justin C. Amendola's claims, or any one of CAA's claims, against any one of the three defendants, "the matter in controversy" must exceed the sum or value of $75,000. However, either Plaintiff's claim against any one of the three defendants is equal to one-third (1/3) of one-half (1/2) of 25% of the value of the subject condominium unit. The "matter in controversy" totals **$9,432.04** –and falls far short of the $75,000 amount required for this Federal District Court to exercise jurisdiction.

Even if this Court were to violate established Federal Law and allow both Plaintiffs to aggrege their claims against all three individual defendants, the aggregated claims by both Plaintiffs against all three defendants (which is equal to 25% of the value of the subject condominium unit) would be only **$56,592.25** – an amount that still falls well below the $75,000 minimum jurisdictional threshold as required pursuant to 28 U.S.C. § 1332.

Therefore, for the reasons set forth above, Plaintiffs' "First Amended Complaint" [Doc. 8] dated December 11, 2023 must be dismissed pursuant to Rule 12 (b) (1) of the Federal Rules of Civil Procedure on the ground that the District Court lacks subject matter jurisdiction.

### 2. The Complaint Fails to State a Claim upon which Relief Can be Granned

The "First Amended Complaint" [Doc. 8] pleads only one cause of action seeking to impress a constructive trust upon twenty-five (25%) percent of the subject condominium unit that had been transferred, without consideration, by John V. Amendola to Defendants Nadia F. Cavellero, Robert N. Amendola and Anna Vecchio, on June 29, 2021. A fair reading of the complaint discloses that the individual plaintiffs never possessed an interest in the subject condominium, they were never involved in the conveyance of the subject property, and no "promise" had been made to them.

Well settled law in New York State presents four (4) requirements that must be met for the imposition of a constructive trust: (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance on the promise, and (4) unjust enrichment. *Scivoletti v Marsala*, 61 N.Y. 2d 806 (1984)

Well-settled law further states that the remedy of constructive trust must not be imposed in cases where "[t]he plaintiff never possessed any prior interest in, or made a conveyance of, the subject property." *Liselli v Liselli*, 263 A.D.2d 468, 496 (2d Dep't 1999) citing *Scivoletti v Marsala*, 61 N.Y. 2d 806, 808 (1984); *Sharp v Kosmalski*, 40 NY2d 119; *Meehan v Meehan*, 227 AD2d 268, 269 (1st Dep't 1996); *Fallica v Manzolillo*, 210 AD2d 660 (3rd Dep't 1994) *Fodiman v Zoberg*, 182 AD2d 493, 494 (1st Dep't 1992). *See also Burns v. Burns*, 174 A.D.3d 570, 572 (2d Dept. 2019); *Mazzei v Kyriacou*, 139 A.D.3d 823 (2d Dep't 2016).

The Plaintiffs' failure to allege that they possessed a prior interest in the subject condominium, presents a fatal flaw to Plaintiffs' complaint. *See e.g. Burns v. Burns*, 174 A.D.3d 570, 572 (2d Dept. 2019).

Additionally, the Plaintiffs' failure to allege that they were involved in the conveyance of the subject property, proves to be another a fatal flaw to Plaintiffs' complaint. *See e.g. Liselli v Liselli*, 263 A.D.2d 468, 496 (2d Dep't 1999).

Moreover, the Plaintiffs' failure to allege that each of the defendants had promised to transfer their interest in the premises to them, presents yet another fatal flaw. *See e.g. Igneri v. Igneri*, 125 A.D.3d 813 (2d Dep't 2015).

The Plaintiffs' complaint seeking the imposition of a constructive trust based upon their father's interest in the property before his death appear to be based on laws of inheritance and, as such, that claim of entitlement could only be pursued by executor or administrator of their father's estate. *See Igneri v. Igneri*, 125 A.D.3d 813 (2d Dep't 2015) (where the Appellate Division, Second Department dismissed the constructive trust cause of action because "the complaint does not allege the existence of a promise between the plaintiff and the defendant, or a transfer in reliance upon a promise between them."). *See also Gaentner v. Benkovich*, 18 A.D.3d 424 (2d Dept't 2005) (where the Appellate Division, Second Department dismissed the constructive trust cause of action because "the plaintiffs failed to show any legally cognizable 'transfer in reliance' or unjust enrichment enjoyed by the decedent.").

The Plaintiffs' complaint alleges that the Plaintiffs' father intended to transfer the property into Plaintiffs' names on June 17, 2021. However, on June 29, 2021 (after Plaintiffs' father had obtained independent legal advice and apparently changed his mind), transferred his property to the Defendants. The instant Plaintiffs are completely unable to show any legally cognizable "transfer in reliance" on any promise made to them and they are further unable to show any "unjust enrichment" at their expense.

This case is similar to *Satler v Merlis*, 252 A.D.2d 551 (2d Dep't 1998), where a man permitted his girlfriend to live alone in his townhouse condominium and made declarations that the townhouse "would be [hers] in perpetuity." However, when the boyfriend requested his girlfriend to vacate the premises, she not only refused but also brought an action for imposition of a constructive trust. The Appellate Division, Second Department affirmed the dismissal of the constructive trust claim holding that the girlfriend had failed to show any legally cognizable "transfer in reliance" or any "unjust enrichment" enjoyed by the boyfriend. The court further held that the boyfriend's purported declarations that the townhouse would be hers in perpetuity "were merely promises of future intent rather than misrepresentations of existing fact made to induce action or inaction on her part." *Id.* at 552.

Letter to Gary M. Krim, Esq.
January 25, 2024
Page - 6 of 6 –

In accordance with the binding case law cited above, even if the District Court were to construe the facts in the light most favorable to the Plaintiffs, the instant complaint fails to allege a sufficient cause of action for a constructive trust.

In accordance with Rule 12 (b) (6) of the Federal Rules of Civil Procedure, the Plaintiffs' "First Amended Complaint" [Doc. 8] must be dismissed on the grounds that the complaint fails to state a claim upon which relief can be granted.

**PLEASE TAKE FURTHER NOTICE THAT** the Individual Rules of Practice of the Honorable Kenneth M. Karas dated August 28, 2023, clearly provides that the filing of this letter:

> "[S]tays the time to answer or move until further order of the Court. Within seven days, the nonmovant shall respond by similar letter, indicating either that they will amend their pleading (with a proposed deadline for filing the amended pleading) or that they do not see a need to amend, citing the relevant case law that supports their position."

Once again, I respectfully request that you take steps to effectuate the immediate dismissal of this Federal Court Action, not only because it lacks merit as a matter of fact and law, but also because it will continue to cause a deleterious effect upon familial love and waste significant financial resources during this critical time of mourning.

Thanking you in advance for your objectivity and professionalism, I remain,

                                        Very truly yours,

                                        Rocco F. D'Agostino, Esq.

Encl.
cc:    Honorable Kenneth M. Karas
        Ms. Nadia F. Cavellero
        Mr. Robert N. Amendola and
        Ms. Anna Vecchio

# CITY OF YONKERS
## STATEMENT OF TAXES

BILL NO: 016128

| TAX TYPE: | City | | FISCAL YR: JULY 1, 2023 TO JUNE 30, 2024 |
|---|---|---|---|
| BILL DATE: | 7/1/2023 | | WARRANT DATE: |

| PROPERTY DESCRIPTION | PROPERTY LOCATION | ASST ROLL YR | TAX BILL |
|---|---|---|---|
| TAX MAP #:  3.-3415-364<br>ACRES:  0.04 ac<br>CLASS:  411<br>BANK | 117 De Haven Dr | | $3,608.18<br>(total due below)<br>IF PAYMENT IS MADE LATE<br>YOU MUST PAY TAX AND PENALTY |

Cavellero, Nadia
Vecchio, Anna
117 De Haven Dr 353
Yonkers NY 10703

**Parcel ID must be on check**

| Levy Description | Total Tax Levy | % Change From Prior Year | Assessed Total Value | Assessed Taxable Value | Tax Rate | Tax Amount |
|---|---|---|---|---|---|---|
| City Tax | 144,438,622 | 2.45 | 4,052 | 4,052 | 307.92 | $1,247.69 |
| School Tax | 270,558,784 | 2.45 | 4,052 | 4,052 | 576.33 | $2,335.29 |
| City charge hsg u | | | | | 3.00 | $0.00 |
| City charge un ft | | | | | 1.40 | $25.20 |

| Exemptions | Tax Purpose | Assessed Value Exempt | Full Value Exempt | $0.00 | **TOTAL AMOUNT DUE** |
|---|---|---|---|---|---|
| | | | | 8/4/2023 | **DUE DATE** |

## ADDITIONAL INFORMATION

FULL MARKET VALUE OF THIS PROPERTY:  226,369
UNIFORM PERCENT USED TO CALCULATE FULL MARKET VALUE:  1.79
TOTAL TAX WITHOUT EXEMPTIONS:  3608.17

To Avoid penalties, make sure your payment is delivered to the Tax Office by 8/4/2023.

PLEASE RETURN STUB PAYMENT

Cavellero, Nadia
Vecchio, Anna
117 De Haven Dr 353
Yonkers NY 10703

| | |
|---|---|
| Parcel ID | 3.-3415-364 |
| Bill Date | 7/1/2023 |
| Fiscal Year: | JULY 1, 2023 TO JUNE 30, 2024 |
| Bill No. | 016128 |

Total Tax Due     $0.00

Please Make Checks Payable To :  CITY OF YONKERS Tax Office
40 Broadway, Room 108
Yonkers, NY 10701