Dara L. Rosenbaum (DR0606)
Rosenbaum & Taylor, P.C.
707 Westchester Avenue
Suite 409
White Plains, NY 10604
914-358-4422 (tel.)
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
**ESTATE OF JOHN V. AMENDOLA by**
**JUSTIN C. AMENDOLA Administrator,**

                                  Case No. 7:23-cv-10607

                 **Plaintiffs,**

   -against-

                                  <u>**SECOND AMENDED**</u>
                                  <u>**VERIFIED COMPLAINT**</u>

**NADIA F. CAVELLERO, ROBERT N. AMENDOLA**
**and ANNA VECCHIO**
                 **Defendant.**
-----------------------------------------------------------------X

    Plaintiff, by its attorney, as for its verified complaint against Defendants Nadia F. Cavellero, Robert N. Amendola and Anna Vecchio alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff asserts two causes of action seeking judgment against defendants:

    a. First:

        i. Decreeing defendants to be trustees of 25% of the real property described herein, holding title to said 25% interest thereto for the benefit of plaintiff for the further benefit of Justin C. Amendola and CAA, the heirs of John V. Amendola;

        ii. That defendants be ordered and decreed to convey a 25% tenant-in-common interest of said real property to plaintiff or in the alternative if

CAA is of the age of majority convey a 12.50% tenant-in-common interest of said real property to Justin C. Amendola and a 12.50% tenant-in-common interest of said real property to CAA, as tenants-in-common with defendants; and

iii. During the pendency of this action, that defendants be enjoined and restrained from transferring, encumbering or otherwise disposing of the real property described herein; and

iv. That a constructive trust be impressed upon 25% of the real property for plaintiff's benefit.

b. Second

i. That the deed by which defendants claim ownership of the real property purporting to convey John Amendola's interest in the real property to defendants be adjudged a fraudulent deed; and

ii. That plaintiff be adjudged and determined to hold title to a 25% undivided interest in the real property pursuant to the deed dated June 27, 2005 and recorded August 2, 2005 and that every person or entity claiming an interest in the real Property arising from the June 29, 2021 deed be barred from all claims to any estate or interest in the real property adverse to or in derogation of plaintiff's interest in the real property.

## THE PARTIES

2. Justin C. Amendola ("Justin") is over the age of eighteen and resides at 416 Copper Square Drive, Bethel, CT 06801. He is the administrator of the Estate of John V.

Amendola by appointment of the State of Connecticut Court of Probate of Fairfield County on February 7, 2022.

3. At his death John V. Amendola ("John") was a citizen of the United States of America and was domiciled in Connecticut.

4. Upon information and belief defendant Nadia F. Cavellero resides at 5 Seneca St. Apt. 2, Dobbs Ferry, NY 10522.

5. Upon information and belief defendant Robert N. Amendola resides at 117 DeHaven Dr., Yonkers, NY 10703.

6. Upon information and belief defendant Anna Vecchio resides at 5 Lake Ave., Amenia, NY 12501.

7. Upon information and belief all defendants are citizens of the United States of America and are over the age of eighteen.

## JURISDICTION AND VENUE

8. The jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §1332(a) since the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. Plaintiff is a citizen of Connecticut and defendants are all citizens of New York.

9. This Court has personal jurisdiction over defendants pursuant to N.Y. CPLR §302(a)(2).

10. Venue is proper in this judicial district pursuant to 28 U.S.C.A. §1391(b)(1) as all the defendants are residents of the State of New York and two of whom reside in the County of Westchester the judicial district of this Court. Venue is also proper in this district pursuant to 28 U.S.C.A. §1391(b)(2) in that the real property that is the subject of this action is situated in the Court's judicial district.

## THE REAL PROPERTY

11. On or about June 4, 1985, Vincent A. Amendola and Josephine Amendola, his wife, became the owners, by written deed, of condominium unit 353 in the building known as 117 DeHaven Drive, Yonkers, NY in the county of Westchester, State of New York (the "Real Property"). The Real Property is also designated as Section 3, Block 3415, Lot 364 in the County of Westchester, City of Yonkers.

12. On or about June 27, 2005, Vincent A. Amendola and Josephine Amendola, his wife, conveyed the Real Property by written deed to defendants and John, their children, as tenants-in-common. Upon the foregoing conveyance John became the owner a 25% undivided interest in the Real Property (the "Real Property Interest"). The June 27, 2005 deed was recorded on or about August 2, 2005.

13. Upon information and belief, Josephine Amendola, defendants' mother, and defendant Robert N. Amendola reside in the Real Property.

14. Upon information and belief, the Real Property is presently valued between $305,000.00 and $390,000.00.

15. Upon information and belief, the value of Real Property Interest is at least $76,250.00, that being 25% of the low end of the estimated value of the Real Property.

## FIRST CAUSE OF ACTION
## BREACH OF CONSTRUCTIVE TRUST

16. John was the father of Justin and CAA, a minor child.

17. Lisa Griffo is John's ex-wife and is CAA's mother.

18. CAA resides with Lisa Griffo at 416 Copper Square Drive, Bethel, CT 06801.

19. John was a brother of defendants.

20. John's relationship with defendants was one of confidence and trust.

21. On or about June 17, 2021 John confirmed that he asked defendant Cavellero to put the Real Property Interest in the names of Justin and CAA (the "Children") to protect the Real Property in case he defaulted on his student loans.

22. On or about June 17, 2021 Defendant Cavellero agreed John should probably come off the deed otherwise they would run into some real problems.

23. On or about June 17, 2021 Defendant Cavellero advised John that because of CAA's age she would need a custodian and suggested he speak with an attorney, whose name she would provide.

24. On or about June 22, 2021 defendant Cavellero asked John what exactly he was doing.

25. On or about June 22, 2021 John told defendant Cavellero that he was taking himself off the deed for the Real Property.

26. On or about June 22, 2021 defendant Cavellero asked John what else he needed and told John she would email it directly to the lawyer.

27. On or about June 22, 2021 defendant Cavellero sent John the addresses and social security numbers for herself and the other defendants.

28. On or about June 22, 2021 defendant Cavellero told John she needed to see the paperwork which she would show to defendant Amendola.

29. On or about June 22, 2021 Defendant Cavellero advised John she wanted to know step-by-step what was happening to make sure it was done correctly.

30. On or about June 28, 2021 defendant Cavellero sent information John said was needed to the lawyer handling the deed and told John they should get him off the deed as soon as possible.

31. On or about June 28, 2021 defendant Cavellero advised John to impress on defendant

Vecchio how important it was defendant Vecchio make herself available.

32. Upon information and belief, defendant Cavellero agreed the Real Property Interest should be transferred to defendants, with the understanding that defendants would, unconditionally, transfer the Real Property Interest to the Children when CAA attained majority.

33. Upon information and belief, defendant Amendola knew John wanted to be off title to the Real Property because of his concerns about his student loans.

34. Upon information and belief, defendant Amendola knew John wanted his share to be put in the Children's names.

35. Upon information and belief, defendant Amendola knew Defendant Cavellero told John a custodian would be needed for CAA if John wanted CAA on the deed.

36. Upon information and belief, defendant Amendola agreed the Real Property Interest should be transferred to defendants, with the understanding that defendants would, unconditionally, transfer the Real Property Interest to the Children when CAA attained majority.

37. Upon information and belief, defendant Vecchio knew John wanted to be off title to the Real Property because of his concerns about his student loans.

38. Upon information and belief, defendant Vecchio knew John wanted his share to be put in the Children's names.

39. Upon information and belief, defendant Vecchio knew Defendant Cavellero told John a custodian would be needed for CAA if John wanted CAA on the deed.

40. Upon information and belief, defendant Vecchio agreed the Real Property Interest should be transferred to defendants, with the understanding that defendants would,

unconditionally, transfer the Real Property Interest to the Children when CAA attained majority.

41. Upon information and belief, defendants provided their addresses and social security numbers to John for transmission to the lawyer who assisted in the transfer of the Real Property Interest.

42. Upon information and belief, in reliance on defendant Cavellero's concern about CAA's age and the need for a custodian for CAA's interest, John and defendants agreed John would convey the Real Property Interest to defendants only, to be held by them in trust until CAA reached the age of majority at which time defendants would, unconditionally, convey the Real Property Interest to the Children.

43. On or about June 29, 2021, in furtherance of the trusting and confidential relationship and in reliance thereof that defendants would ultimately convey the Real Property Interest to the Children, John and defendants executed a deed for the Real Property as grantors to defendants solely as grantees as tenants-in-common, for no consideration (the "Deed").

44. John died intestate November 28, 2021, never having remarried. He had no children other than the Children.

45. The student loans were forgiven after June 29, 2021.

46. The Children are John's only heirs-at-law and share 100% of his estate equally, pursuant to Conn. Gen. Stat. § 45A-438.

47. On or about February 22, 2022, the Deed was delivered for recording in Westchester County.

48. Upon information and belief, the Deed was recorded on the instruction of at least one of defendants.

49. Defendants are the owners of record of 100% of the Real Property.

50. Defendants derived their interest in the Real Property Interest from the Deed, a common source of title.

51. On or about September 21, 2023 defendants were requested to convey the Real Property Interest to Justin, with Justin to convey a 12.50% interest in the Real Property to CAA upon CAA reaching majority. Defendants refused to do so.

52. Defendants refuse to execute and record a deed naming plaintiff as owner of a 25% tenant-in-common interest in the Real Property with them.

53. Defendants refuse to execute and record a deed naming Justin as owner of a 25% tenant-in-common interest in the Real Property with them.

54. Defendants' refusal to transfer title of 25% of the Real Property either to the plaintiff or to the Children is in violation of the trust and confidence placed in defendants by John upon which he relied when he transferred the Real Property Interest to defendants.

55. With their refusal to execute a deed of a 25% tenant-in-common interest in the Real Property to either plaintiff or Justin, defendants, in breach of John's reliance of his trust in them, have, at the expense of plaintiff and the Children, unjustly enriched themselves by retaining for themselves the Real Property Interest valued at a minimum of $76,250.00 which John deeded to defendants in trust.

56. Defendants' conduct has resulted in a defrauding of plaintiff and the Children of their rightful, legal and equitable ownership of the Real Property Interest, has harmed plaintiff and the Children and otherwise have breached the fiduciary obligation owed to plaintiff and the Children by reason of the trust and confidence placed in defendants by John and has damaged and otherwise injured plaintiff and the Children through the abuse of the

relationship which existed between John and the defendants.

57. Defendants are jointly and severally liable to plaintiff.

58. Plaintiff has no adequate remedy at law.

59. By reason of the foregoing, defendants should be decreed to be the trustees of 25% of the Real Property, holding title thereto for the benefit of plaintiff, and that they be ordered and decreed to convey title to 25% of the Real Property either to plaintiff or, should CAA have attained the age of majority, to the Children as tenants-in-common with defendants.

## SECOND CAUSE OF ACTION
## ACTION TO QUIET TITLE

60. Plaintiff repeats and realleges the allegations contained in paragraphs 2 through 58 above as though fully set forth herein.

61. This action is brought by plaintiff pursuant to Article 15 of the NYS Real Property Actions and Proceedings Law to compel the determination of any claims adverse to those of the plaintiff in the Real Property.

62. Plaintiff seeks a determination that it is a tenant-in-common with defendants, owning a 25% undivided interest in the Real Property.

63. Plaintiff seeks to vacate the deed dated June 29, 2021 and recorded February 22, 2022 purporting to convey title of the Real Property from John Amendola to defendants on the grounds that the deed was not intended to convey title absolutely and by was obtained by defendants as an instrument of fraud.

64. The conveyance reported in the June 29, 2021 deed was final act of a fraudulent scheme by defendants to convince John to convey his interest in the Real Property to defendants for no consideration.

65. The purported conveyance reported in the June 29, 2021 deed was effectuated so as allow

defendants to acquire title to the Real Property at a time John wanted them to hold it in their name to protect it in the event he defaulted on his student loans and to place his ownership interest in the Real Property in the names of his children.

66. Upon information and belief, defendants had no intention to convey John's interest in the Real Property to the Children at the time of the Deed was conveyed.

67. Upon information and belief, defendants never acquired a bona fide interest in John's interest in the Real Property because defendants knew the conveyance was not intended to convey absolute title to defendants.

68. Although the Deed is recorded, any interest defendants claim in John's interest in the Real Property is invalid and ineffective.

69. The Deed acts as a cloud on John's title to the Real Property.

70. Upon information and belief, the defendants are known not: (i) to be infants; (ii) to have a developmental disability; (iii) to have mental illness; and (iv) to abuse alcohol.

71. The judgment in this action will not affect any person not in being or ascertained at the commencement of this action, who by any contingency contained in a devise or grant or otherwise could afterward become entitled to such an estate or interest if such event had happened immediately before commencement of this action is named as a party.

72. No personal claim is made against the defendants herein, unless the said defendants assert a claim adverse to the claim of the plaintiff as set forth in this complaint.

**DEMAND FOR JURY TRIAL**

73. Plaintiff demands a jury trial of all claims triable as of right by jury.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the defendants, each of them, jointly

and severally, as follows:

1. On plaintiff's first cause of action:

    a. that defendants, Nadia F. Cavellero, Robert N. Amendola and Anna Vecchio be decreed to be trustees of 25% of the Real Property described in this Complaint, either holding 25% of the title thereto for the benefit of the plaintiff or holding 12.50% of title thereto each for the benefit of Justin C. Amendola and CAA;

    b. That defendants, Nadia F. Cavellero, Robert N. Amendola and Anna Vecchio be ordered and decreed to convey either said 25% of title to the Real Property to the plaintiff or, should CAA have attained the age of majority, 12.50% of title thereto to each of the Children as tenants-in-common with defendants.

    c. That a constructive trust be impressed upon 25% of the Real Property for the benefit of plaintiff or the Children.

    d. That a resulting trust be impressed upon 25% of the Real Property.

2. On plaintiff's second cause of action:

    a. That the deed dated June 29, 2021 and recorded February 22, 2022 purporting to convey John Amendola's interest in the Real Property to defendants be adjudged a fraudulent deed.

    b. That plaintiff be adjudged and determined to hold title to a 25% undivided interest in the Real Property pursuant to the deed dated June 27, 2005 and recorded August 2, 2005 and that every person or entity claiming an interest in the Real Property arising from the June 29, 2021 deed be barred from all claims to any estate or interest in the Real Property adverse to or in derogation of plaintiff's interest in the Real Property.

3. Together with the costs and disbursements of this action, and for such other and further relief as to the court may seem just and proper.

Dated: White Plains, New York
February 6, 2024

ROSENBAUM & TAYLOR, P.C.

By: __s/ Dara L. Rosenbaum__
Dara L. Rosenbaum, Esq. (DR0606)
707 Westchester Avenue
Suite 409
White Plains, NY 10604
914-358-4422
Email: dlr@rosenbaumtaylor.com
Counsel to Plaintiffs

# VERIFICATION BY ATTORNEY

STATE OF NEW YORK       )
                        )ss.
COUNTY OF WESTCHESTER )

**GARY M. KRIM**, being duly sworn deposes and says:

That he is the attorney for Justin C. Amendola as administrator of the Estate of John V. Amendola, the plaintiff in the above entitled action;

That he has read the foregoing verified complaint and that, to his knowledge, said complaint is accurate and true, except those matters therein which are stated to be alleged on information and belief, and as to those matters, he believes them to be true.

The grounds for his belief as to all matters not stated upon knowledge are records and documents in his files and information provided to him by plaintiffs.

The reason this complaint is being verified by counsel is that plaintiff resides in a county other than Westchester County where he maintains and office for the practice of his profession.

_____
**GARY M. KRIM**

Sworn to before me this
6th day of February, 2024

_____
NOTARY PUBLIC

ROSI GOMEZ BONILLA
Notary Public - State of New York
No. 01GO6442633
Qualified in Rockland County
My Commission Expires 10/17/2026