

707 Westchester Avenue, Suite 409

White Plains, New York 10604

Tel. (914) 358-4422

www.rosenbaumtaylor.com

August 12, 2024

Via ECF

Honorable Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street
Chambers 533
White Plains, NY 10601

Re:   Estate of John V. Amendola v Nadia Cavellero et al
      US Dist. Ct., Southern District of New York; Case No: 7:23-cv-10607-KMK

Dear Judge Karas,

This office represents plaintiff in the above referenced case.

This letter is submitted in response to defendants' counsel's letter dated August 6, 2024. ECF Doc. No. 28.[1]

In that letter defendants requested permission of the Court to submit an "updated" death certificate in support of their motion in which they seek dismissal of this action for lack of jurisdiction. Defendants failed to submit that "updated" death certificate or make reference to it in their papers submitted in support of their motion to dismiss. Your Honor granted defendants' permission to include the "updated" death certificate in their reply. ECF Doc. No. 29.

To justify defendants' August 6, 2024 request, their counsel states that plaintiff did not turn over the death certificate by June 2, 2024 and implies surprise at the submission of the death certificate in plaintiff's response,

Defendants' claim is not true. Defendants are well aware plaintiff turned over a copy of the death certificate by June 2, 2024. See ECF Doc. No. 17 dated March 6, 2024[2]. This was in response to

---

[1] This letter is submitted this date because no notice was received from the ECF system of defendant's letter motion or of the Court's order. Plaintiff only became aware of both the letter and order on August 9, 2024 on receipt of an email sent 9:14 pm, from defendants' counsel.

[2] The March 6, 2024 letter also included a copy of the redacted probate court petition and fiduciary's probate certificate, which were also included in plaintiff's response to the instant motion.



defendants' pre-motion letter dated March 3, 2024, ECF Doc. No. 16, in which defendants alleged Mr. Amendola's domicile at his death was New York. Defendants' intentional failure to advise the Court of this in its letter was disingenuous and should not be rewarded.

Plaintiff's submission to defendants on June 2, 2024 included only those documents which had not been previously provided by plaintiff to defendants, the result being that by June 2, 2024 plaintiff had turned over all the documents and material it planned on using to establish this Court's jurisdiction.

Defendants state that plaintiff submitted an "outdated version" of the death certificate. Defendants insinuate that plaintiff knew the death certificate was "outdated" and submitted it anyway, "rather than the most recent, updated and corrected version" for some nefarious reason. None of that is true. This is not the first time defendants, through their counsel, have made unsubstantiated claims[3] and they should not be given any credence.

At the pre-motion conference held telephonically on April 2, 2024, defendants' counsel said defendants were applying to the appropriate authority to have the death certificate changed to reflect a different address for Mr. Amendola from the one contained in the original death certificate. At no time, prior to defendants' counsel most recent letter motion, did defendants advise me that they had in fact applied and/or obtained an "updated" death certificate.

Defendants believe they are permitted to surprise plaintiff and submit the death certificate at this stage because they claim they were surprised by plaintiff's inclusion of the death certificate in its response to the motion. As stated above, there was no surprise. Defendants were provided with the death certificate by June 2, 2024. Allowing plaintiff to be surprised in this manner denies plaintiff the opportunity to address the "updated" death certificate. The surprise claimed by defendants is not sustainable. Defendants' failure to include the alleged "updated" death certificate in their motion papers should preclude them from doing so now.

Plaintiff has no idea how defendants obtained an "updated" death certificate. Plaintiff has no opportunity now, within the remaining time frame of the instant motion, to apply to the appropriate authority, to have the death certificate restored or to inquire into how it was "updated". Had defendants included the "updated" death certificate in their motion when filed, plaintiff would have had one month within which to apply and obtain a restored death certificate and to address it in its response. Defendants' strategy is resulting in prejudice to plaintiff, which

---

[3] See ECF Doc. No. 19 in response to an implied baseless claim that my office engaged in the improper use of artificial intelligence.



might result in this case being dismissed on jurisdictional grounds. Plaintiff will also be prejudiced by defendants' delaying tactics which is no doubt one of defendants' goals.

There is no doubt that any change made to the death certificate on defendants' application was done solely for the purpose of defendants' motion to avoid the jurisdiction of this Court. It is respectfully submitted that the Court should not give any quarter to defendants' use of the New York State Department of Health's process to apply for a correction to a death certificate. The "updated" death certificate does not serve the estate. To the contrary, the "update" is against the interest of the estate. It serves only the defendants in their pursuit of avoiding a claim by the estate.

In light of the above, it is respectfully requested that Your Honor, on reconsideration, deny defendants letter-motion dated August 6, 2024.

Finally, should the Court deny reconsideration, it is requested that defendants be ordered to file their reply under seal should they proceed and include the death certificate.

Very truly yours,

GARY M. KRIM

cc:	Robert D'Agostino, Esq. by ECF
	Attorney for Defendants