# LAW OFFICES OF
# ROCCO F. D'AGOSTINO

445 HAMILTON AVE., SUITE 607
WHITE PLAINS, NEW YORK 10601

TEL: (914) 682-1993
FAX: (914) 682-1994

September 23, 2024

Hon. Kenneth M. Karas
United States District Court
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

Re: Justin C. Amendola (et. al.) v. Nadia F. Cavellero
[US Dist. Ct., So. Dist. N.Y. Case No: 7:23-cv-10607-KMK]

Dear Most Honorable Judge Karas:

This office represents Defendants in this action, and hereby submit this letter in response to Plaintiff's filing dated September 23, 2023 [ECF Doc.: 39].

Since August 12, 2024, Plaintiff had been insinuating that Defendants engaged in wrongdoing in connection with the correction of the death certificate by the New York State Department of Health. Because Plaintiff relied heavily upon the false death certificate, not only in this Court, but also in the Connecticut Probate Court, Plaintiff persistently searched for ways to discredit or invalidate the amended death certificate and perhaps restore the false death certificate that was more favorable to its position.

On August 27, 2024 [ECF Doc. 36], this Court directed Defendants to "provide to Plaintiff's counsel all materials related to the change in Mr. Amendola's death certificate, including the application and any supporting materials and letters by 9/6/24." [ECF Doc. 36].

Defendants complied immediately on September 2, 2024, when they forwarded 11 exhibits (consisting of 74 pages of documents) to Plaintiff's attorney. Later, on September 16, 2024, Plaintiff also received compliance from the Registrar of Vital Statistics.

In Plaintiff's letter dated September 23, 2023 [ECF Doc.: 39], Plaintiff attached only 6 pages of material, even though 74 pages of material had been submitted through Defendant's compliance alone. None of the documents provided by the Registrar of Vital Statistics were filed by Plaintiff.

The good news is that Plaintiff's fishing expedition is now complete.

The better news is that Plaintiff's fishing expedition had produced absolutely no evidence that would show, or tend to show, that Defendants had engaged in any wrongdoing.

Letter to Hon. Kenneth M. Karas
September 23, 2024
Page – 2 of 2 –

The results of Plaintiff's fishing expedition established that the updated, corrected and amended death certificate that has been filed by Defendant is accurate and beyond reproach. [ECF Doc. 32-2]

Rather than apologize to Defendants, admit that the amended death certificate [ECF Doc. 32-2] is accurate, and concede that the amendment of the death certificate [ECF Doc. 32-2] was done in accordance with the rules and regulations of the New York State Department of Health, Plaintiff persists in making additional irrelevant, baseless and false claims, all of which must be summarily rejected.[1]

In conclusion, I agree with Plaintiff's suggestion that this Court should take all documentation into consideration when deciding the Defendants motion to dismiss. Upon request, I would also be more than happy to submit to this Court a copy of the 11 exhibits (consisting of 74 pages of documents) that had been provided to Plaintiff on September 2, 2024 in response to this Court's letter motion [ECF Doc. 36].

Trusting all meets with this Court's consent and approval, I remain,

                                        Most Respectfully Yours,
                                        Rocco F. D'Agostino, Esq.

cc: Gary M. Krim, Esq.
    Attorney for Plaintiff

> The Court will take Defendant up on the offer to produce all 11 exhibits related to the change in the death certificate that is at issue here. Counsel may either file them, or if they need to be sealed, may send them directly to the Court by 10/1/24.
>
> So Ordered.
> 9/24/24

---

[1] Plaintiff argues that the death certificate was amended "solely to avoid the jurisdiction of the court." [Emphasis added]. While it is true that the Defendants sought to amend the death certificate to prevent a jurisdictional fraud from being perpetrated upon this Court, that was not the "sole" reason. Defendants also sought to amend the death certificate as part of its effort to recover funeral expenses in the amount of $32,680 against a properly appointed administrator of the Estate of John Amendola, in a court of competent jurisdiction. That is why the death certificate's amendment had been brought to the attention of the Probate Court in Connecticut (as reflected in the letter exhibit [ECF Doc. 39-3] submitted by Plaintiff). Even assuming arguendo that the death certificate had been amended "solely to avoid the jurisdiction of the court," it would be absurd for Plaintiff to suggest that this Court should make a finding that diversity of citizenship jurisdiction exists based upon false statements of residency found in a death certificate that had later been officially corrected.