Dara L. Rosenbaum (DR0606)
Rosenbaum & Taylor, P.C.
707 Westchester Avenue
Suite 409
White Plains, NY 10604
914-358-4422 (tel.)
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**-----------------------------------------------------------------X**
**JUSTIN C. AMENDOLA and CAA, a minor child by LISA GRIFFO, Parent**

**Plaintiffs,**

**Case No. 7:23-cv-10607**

**-against-**

**<u>THIRD AMENDED COMPLAINT</u>**

**NADIA F. CAVELLERO, ROBERT N. AMENDOLA and ANNA VECCHIO**

**Defendant.**
**-----------------------------------------------------------------X**

Plaintiffs, by their attorney, as for their complaint against Defendants Nadia F. Cavellero, Robert N. Amendola and Anna Vecchio allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs assert two causes of action seeking judgment against defendants:
    a. First:
        i. Decreeing defendants to be trustees of 25% of the real property described herein, holding title to said 25% interest thereto for the benefit of Justin C. Amendola and CAA.
        ii. That defendants be ordered and decreed to convey a 25% tenant-in-common interest of said real property to plaintiffs or in the alternative if CAA is of the age of majority convey a 12.50% tenant-in-common

interest of said real property to Justin C. Amendola and a 12.50% tenant-in- common interest of said real property to CAA, as tenants-in-common with defendants; and

iii. During the pendency of this action, that defendants be enjoined and restrained from transferring, encumbering or otherwise disposing of the real property described herein; and

iv. That a constructive trust be impressed upon 25% of the real property for Plaintiffs' benefit.

b. Second

i. That the June 29, 2021 Deed, described below, by which defendants claim ownership of the real property purporting to effectively convey the interest of John Amendola ("John") interest in the real property to defendants free and clear of any trust for the benefit of plaintiffs be adjudged a fraudulent deed and be vacated; and

ii. That every person or entity claiming an interest in the Real Property arising from the June 29, 2021 Deed be barred from all claims to any estate or interest in the Real Property adverse to or in derogation of the owners of the Real Property pursuant to the Deed for the real property dated June 27, 2005 and recorded August 2, 2005.

## THE PARTIES

2. Justin C. Amendola ("Justin") is over the age of eighteen and resides at 416 Copper Square Drive, Bethel, CT 06801.

3. Plaintiff CAA is a minor child of Lisa Griffo ("Lisa"), both of whom reside at 416 Copper Square Drive, Bethel, CT 06801. Lisa has legal custody of CAA.

4. Justin and CAA (the "Children") are the children of Lisa and John.

5. Justin, CAA and Lisa are citizens of the United States of America.

6. Upon information and belief defendant Nadia F. Cavellero ("Cavellero") resides at 5 Seneca St. Apt. 2, Dobbs Ferry, NY 10522.

7. Upon information and belief defendant Robert N. Amendola ("Amendola") resides at 117 DeHaven Dr., Yonkers, NY 10703.

8. Upon information and belief defendant Anna Vecchio ("Vecchio") resides at 5 Lake Ave., Amenia, NY 12501.

9. Upon information and belief all defendants are citizens of the United States of America and are over the age of eighteen.

## JURISDICTION AND VENUE

10. The jurisdiction of this court is invoked pursuant to 28 U.S.C.A. §1332(a) since the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. Plaintiffs are citizens of Connecticut and defendants are all citizens of New York.

11. This Court has personal jurisdiction over defendants pursuant to N.Y. CPLR §302(a)(2).

12. Venue is proper in this judicial district pursuant to 28 U.S.C.A. §1391(b)(1) as all the defendants are residents of the State of New York and two of whom reside in the County of Westchester the judicial district of this Court. Venue is also proper in this district pursuant to 28 U.S.C.A. §1391(b)(2) in that the real property that is the subject of this action is situated in the Court's judicial district.

**THE REAL PROPERTY**

13. On or about June 4, 1985, Vincent A. Amendola and Josephine Amendola, his wife, became the owners, by written deed, of condominium unit 353 in the building known as 117 DeHaven Drive, Yonkers, NY in the county of Westchester, State of New York (the "Real Property"). The Real Property is also designated as Section 3, Block 3415, Lot 364 in the County of Westchester, City of Yonkers.

14. On or about June 27, 2005, Vincent A. Amendola and Josephine Amendola conveyed the Real Property by written deed to defendants and John, their children, as tenants-in-common. Upon the foregoing conveyance John became the owner a 25% undivided interest in the Real Property (the "Real Property Interest"). The June 27, 2005 Deed was recorded on or about August 2, 2005.

15. Upon information and belief, Josephine Amendola and defendant Amendola reside in the Real Property.

16. Upon information and belief, the Real Property is presently valued between $305,000.00 and $390,000.00.

17. Upon information and belief, the value of Real Property Interest is at least $76,250.00, that being 25% of the low end of the estimated value of the Real Property.

**FIRST CAUSE OF ACTION**
**BREACH OF CONSTRUCTIVE TRUST**

18. Lisa was John's ex-wife.

19. John was a brother of defendants.

20. John's relationship with defendants was one of confidence and trust.

21. Defendants are the aunts and uncle of the Children.

22. Defendants' relationship with the Children was one of confidence and trust.

23. On or about June 17, 2021 John confirmed that he asked Cavellero to agree that title to the Real Property Interest be put in the names of the Children to protect the Real Property, in case he defaulted on his student loans, from potential liens by creditors which he believed would affect his mother's right to reside in the Real Property, and to preserve his interest in the Real Property for the benefit of the Children.

24. On or about June 17, 2021 Cavellero agreed John should probably come off the title to the Real Property out of concern John and defendants would run into some real problems.

25. On or about June 17, 2021 Cavellero advised John that because of CAA's age she would need a custodian if CAA were to be put on title to the Real Property, and suggested he speak with an attorney, whose name she would provide.

26. On or about June 22, 2021 Cavellero asked John what exactly he was doing.

27. On or about June 22, 2021 John told Cavellero that he was taking himself off the title to

the Real Property.

28. On or about June 22, 2021 Cavellero asked John what else he needed and told John she would email it directly to the lawyer.

29. On or about June 22, 2021 Cavellero sent John the addresses and social security numbers for herself and the other defendants.

30. On or about June 22, 2021 Cavellero told John she needed to see the paperwork which she would show to defendant Amendola.

31. On or about June 22, 2021 Cavellero advised John she wanted to know step-by-step what was happening to make sure it was done correctly.

32. On or about June 28, 2021 Cavellero sent information John said was needed to the lawyer handling the deed and told John they should get him off title to the Real Property as soon as possible.

33. On or about June 28, 2021 Cavellero advised John to impress on Vecchio how important it was Vecchio make herself available to execute the documents needed to take John off title to the Real Property.

34. Upon information and belief, Cavellero agreed the Real Property Interest should be transferred to defendants, and promised John that defendants would, unconditionally, transfer title of the Real Property Interest to the Children when CAA attained majority, for no consideration.

35. Upon information and belief, Amendola knew John wanted to be off title to the Real

Property because of his concerns about his student loans.

36. Upon information and belief, Amendola knew John wanted title of the Real Property Interest to be put in the Children's names.

37. Upon information and belief, Amendola knew Cavellero told John a custodian would be needed for CAA if John wanted CAA on the deed in his place.

38. Upon information and belief, Amendola agreed the Real Property Interest should be transferred to defendants, and promised John that defendants would, unconditionally, transfer title of the Real Property Interest to the Children when CAA attained majority for no consideration.

39. Upon information and belief, Vecchio knew John wanted to be off title to the Real Property because of his concerns about his student loans.

40. Upon information and belief, Vecchio knew John wanted title of the Real Property Interest to be put in the Children's names.

41. Upon information and belief, Vecchio knew Cavellero told John a custodian would be needed for CAA if John wanted CAA on the deed in his place.

42. Upon information and belief, Vecchio agreed the Real Property Interest should be transferred to defendants, and promised John that defendants would, unconditionally, transfer title of the Real Property Interest to the Children when CAA attained majority, for no consideration.

43. Upon information and belief, defendants provided their addresses and social security

numbers to John for transmission to the lawyer who assisted in the preparation of a new deed for the Real Property.

44. Upon information and belief, in reliance on Cavellero's concern about CAA's age and the need for a custodian for CAA's interest, John and defendants agreed John would convey the Real Property Interest to defendants only, relying on defendants' promise to hold the Real Property Interest in trust until CAA reached the age of majority at which time defendants would, unconditionally, convey the Real Property Interest to the Children for no consideration.

45. On or about June 29, 2021, in furtherance of the trusting and confidential relationship and in reliance thereof and in reliance of defendants' promise they would ultimately convey the Real Property Interest to the Children, John and defendants executed a deed for the Real Property as grantors to defendants solely as grantees as tenants-in-common, for no consideration (the "Deed").

46. John died intestate November 28, 2021, never having remarried. He had no children other than the Children.

47. At his death, John resided at the Real Property with his mother and Amendola, where he was recuperating from a prior medical condition.

48. The student loans were forgiven after June 29, 2021.

49. On or about February 22, 2022, the Deed was delivered for recording in Westchester County.

50. Upon information and belief, the Deed was recorded on the instruction of at least one of defendants.

51. According the to the terms of the Deed, defendants are the owners of record of 100% of the Real Property.

52. Defendants derived their interest in the Real Property Interest from the Deed, a common source of title.

53. From June 29, 2021 to the present, defendants, in violation of the trust and confidence placed in them by John, have refused to acknowledge that they hold the Real Property Interest in trust for the Children and claim it as their own, contrary to John's express intention and defendants' promise to John.

54. On or about September 21, 2023 defendants were requested to convey the Real Property Interest to Justin, with Justin to convey a 12.50% interest in the Real Property to CAA upon CAA reaching majority. Defendants refused to do so.

55. Defendants deny the Children have any ownership right to any part of the Real Property.

56. Defendants refuse to execute and record a deed naming the Children as owners of a 25% tenant-in-common interest in the Real Property with them.

57. Defendants refuse to execute and record a deed naming Justin as owner of a 25% tenant-in-common interest in the Real Property with them.

58. Defendants' refusal to transfer title of 25% of the Real Property either to the Children is in violation of their promise to John and of the trust and confidence placed in defendants

by John upon which he relied when he transferred the Real Property Interest to defendants.

59. With their refusal to execute a deed of a 25% tenant-in-common interest in the Real Property to either plaintiffs or Justin, defendants, in breach of John's reliance of his trust in them, have, and claiming as their own at the expense of the Children, unjustly enriched themselves by retaining for themselves the Real Property Interest valued at a minimum of $76,250.00 which John deeded to defendants in trust for the benefit of the Children.

60. Defendants have: (i) defrauded plaintiffs and the Children of their rightful, legal and equitable ownership of the Real Property Interest; (ii) harmed plaintiffs and the Children; (iii) otherwise breached their fiduciary obligation owed to plaintiffs and the Children by reason of the trust and confidence placed in defendants by John; and (iii) damaged and otherwise injured plaintiffs and the Children through the abuse of the relationship which existed between John and the defendants and the Children and defendants.

61. Defendants are jointly liable to plaintiffs.

62. Plaintiffs have no adequate remedy at law.

63. By reason of the foregoing, defendants should be decreed to be the trustees of 25% of the Real Property, holding title thereto for the benefit of plaintiffs or the Children, and that they be ordered and decreed to convey title to 25% of the Real Property either to plaintiffs or, should CAA have attained the age of majority, to the Children as tenants-in-common with defendants.

**SECOND CAUSE OF ACTION**
**ACTION TO QUIET TITLE**

64. Plaintiffs repeat and reallege the allegations contained in paragraphs 2 through 62 above as though fully set forth herein.

65. Upon information and belief, defendants knew John did not intend to deliver the Deed to them unless his creditors sought to attach a lien on the Real Property.

66. Upon information and belief, defendants took possession of the Deed after finding it among John's papers after he died.

67. Upon information and belief, no liens have been placed on the Real Property by the holders of John's student loans.

68. Upon information and belief, defendants had the Deed recorded after John's death even though they knew John's student loan creditors had not attached a lien on the Real Property.

69. This action is brought by plaintiffs pursuant to Article 15 of the NYS Real Property Actions and Proceedings Law to compel the determination of any claims adverse to those of the plaintiffs in the Real Property.

70. Plaintiffs seek a determination that they are tenants-in-common with defendants, owning a 25% undivided interest in the Real Property.

71. Plaintiffs seek to vacate the Deed purporting to convey title of the Real Property Interest from John to defendants on the grounds that the Deed was not intended to convey title absolutely and by was obtained by defendants as an instrument of fraud.

72. The conveyance reported in the Deed, the recording of the Deed, and defendants refusal to

convey the Real Property Interest to plaintiffs or the Children were the final acts of a fraudulent scheme by defendants to convince John to convey his interest in the Real Property to defendants for no consideration when they had no intention to convey the Real Property Interest to plaintiffs or the Children as John expressed to them he wished.

73. The purported conveyance reported in the Deed was effectuated so as allow defendants to acquire title to the Real Property at a time John wanted them to hold it in their name to protect it in the event he defaulted on his student loans and to ultimately have his ownership of the Real Property Interest pass to the Children.

74. Upon information and belief, defendants had no intention to convey John’s interest in the Real Property to the Children at the time of the Deed was executed.

75. Upon information and belief, defendants never acquired a bona fide interest in John’s interest in the Real Property because defendants knew the conveyance was not intended to convey absolute title to defendants.

76. Although the Deed was recorded, any interest defendants claim in John’s interest in the Real Property is invalid and ineffective.

77. The Deed acts as a cloud on John’s share of title to the Real Property.

78. Upon information and belief, the defendants are known not: (i) to be infants; (ii) to have a developmental disability; (iii) to have mental illness; and (iv) to abuse alcohol.

79. The judgment in this action will not affect any person not in being or ascertained at the commencement of this action, who by any contingency contained in a devise or grant or

otherwise could afterward become entitled to such an estate or interest if such event had happened immediately before commencement of this action is named as a party.

80. No personal claim is made against the defendants herein, unless the said defendants assert a claim adverse to the claim of the plaintiffs as set forth in this complaint.

**DEMAND FOR JURY TRIAL**

81. Plaintiffs demands a jury trial of all claims triable as of right by jury.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs demands judgment against the defendants jointly, as follows:

1. On plaintiffs' first cause of action:

    a. that defendants, Nadia F. Cavellero, Robert N. Amendola and Anna Vecchio be decreed to be trustees of 25% of the Real Property described in this Complaint, either holding 25% of the title thereto for the benefit of plaintiffs or holding 12.50% of title thereto each for the benefit of Justin C. Amendola and CAA;

    b. That defendants, Nadia F. Cavellero, Robert N. Amendola and Anna Vecchio be ordered and decreed to convey either said 25% of title to the Real Property to the plaintiffs or, should CAA have attained the age of majority, 12.50% of title thereto to each of the Children, as tenants-in-common with defendants.

    c. That a constructive trust be impressed upon 25% of the Real Property for the benefit of plaintiffs or the Children.

    d. That a resulting trust be impressed upon 25% of the Real Property.

2. On plaintiffs' second cause of action:

   a. That the deed dated June 29, 2021 and recorded February 22, 2022 purporting to convey John Amendola's interest in the Real Property to defendants be adjudged a fraudulent deed and vacated.

   b. That ownership of the Real Property be determined by the deed dated June 27, 2005 and recorded August 2, 2005 and that every person or entity claiming an interest in the Real Property arising from the June 29, 2021 deed be barred from all claims to any estate or interest in the Real Property adverse to the grantees of the deed dated June 27, 2005 or in derogation of plaintiffs' interest in the Real Property.

3. Together with the costs and disbursements of this action, and for such other and further relief as to the court may seem just and proper.

Dated: White Plains, New York
January 30, 2025

ROSENBAUM & TAYLOR, P.C.

By: s/ Dara L. Rosenbaum
Dara L. Rosenbaum, Esq. (DR0606)
707 Westchester Avenue
Suite 409
White Plains, NY 10604
914-358-4422
Email: dlr@rosenbaumtaylor.com
Counsel to Plaintiffs