Law Offices of
# ROCCO F. D'AGOSTINO

445 Hamilton Ave., Suite 607　　　　　　　　　　　　　　　　Tel: (914) 682-1993
White Plains, New York 10601　　　　　　　　　　　　　　　　Fax: (914) 682-1994

January 31, 2025

**Via ECF**

Dara L. Rosenbaum, Esq.
Law Office of Rosenbaum & Taylor, P.C.
707 Westchester Avenue
Suite 409
White Plains, New York 10604

　　　　　　　　　　　　　　Re:　Justin C. Amendola (et. al.) v. Nadia F. Cavellero
　　　　　　　　　　　　　　　　 [US Dist. Ct., So. Dist. N.Y. Case No: 7:23-cv-10607-KMK]

Dear Ms. Rosenbaum:

Please be reminded that the undersigned has been retained to represent Defendants Nadia F. Cavellero, Robert N. Amendola and Anna Vecchio, in connection with the above refenced action.

**PLEASE TAKE NOTICE THAT** this letter is intended to serve as a pre-motion letter pursuant to Section II (A) of the Individual Rules of Practice of the Honorable Kenneth M. Karas dated December 17, 2024. As such, Defendants hereby inform Plaintiffs that Defendants intend to move for dismissal of Plaintiffs' "Third Amended Complaint" [Doc. 46] dated January 30, 2025 pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure on the grounds that the complaint fails to state a claim upon which relief can be granted.

Plaintiffs' "Third Amended Complaint" pleads two (2) causes of action: (i) "Breach of Constructive Trust;" and (ii) "Action to Quiet Title." The fatal deficiency in each theory shall be presented and discussed under separate sub-heading hereunder:

　　　*I.*　**Plaintiffs Failed to State a Claim for "Breach of Constructive Trust"**

In the "First Cause of Action," two (2) separate and individual Plaintiffs (to wit: Justin C. Amendola and CAA, a minor child by Lisa Griffo, Parent) seek to impress a constructive trust upon exactly twenty-five (25%) percent of a condominium known as 117 DeHaven Drive, Unit 353, Yonkers, New York (hereinafter "subject condominium") against three (3) separate and individual defendants (to wit: Nadia F. Cavellero, Robert N. Amendola and Anna Vecchio) based upon an alleged theory that Defendants had engaged in a "Breach of Constructive Trust."

Letter to Dara L. Rosenbaum, Esq.
January 31, 2025
Page - 2 of 6 –

In Paragraph 45 of its "Third Amended Complaint," Plaintiffs concede that John V. Amendola executed a written deed on June 29, 2021, where he transferred twenty-five (25%) percent of the subject condominium to Defendants Nadia F. Cavellero, Robert N. Amendola and Anna Vecchio.

A fair reading of the complaint discloses that there was only one (1) document subscribed by John V. Amendola concerning the subject condominium unit, to wit: the deed executed on June 29, 2021 (referred to in Paragraph 45 of Plaintiffs' Third Amended Complaint).

A fair reading of the complaint discloses that the individual Plaintiffs never owned the subject condominium, nor have either of them ever possessed a financial interest in the subject condominium.

A fair reading of the complaint discloses that the individual Plaintiffs had never resided in the subject condominium, they never invested money in the subject condominium, nor had they ever provided work, labor or services in or around the subject condominium.

A fair reading of the complaint discloses that the individual Plaintiffs had never been involved in the conveyance of the subject condominium on June 29, 2021.

A fair reading of the complaint also discloses that no "promise" had ever been made to either Plaintiff, at any time, regarding the subject condominium.

Well settled law in New York State presents four (4) requirements that must be met for the imposition of a constructive trust: (1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance on the promise, and (4) unjust enrichment. *Scivoletti v Marsala*, 61 N.Y. 2d 806 (1984).

Well-settled law further states that the remedy of constructive trust must not be imposed in cases (such as that alleged in the instant case) where: "[t]he plaintiff never possessed any prior interest in, or made a conveyance of, the subject property." *Liselli v Liselli*, 263 A.D.2d 468, 496 (2d Dep't 1999) citing *Scivoletti v Marsala*, 61 N.Y. 2d 806, 808 (1984); *Sharp v Kosmalski*, 40 NY2d 119; *Meehan v Meehan*, 227 AD2d 268, 269 (1st Dep't 1996); *Fallica v Manzolillo*, 210 AD2d 660 (3rd Dep't 1994) *Fodiman v Zoberg*, 182 AD2d 493, 494 (1st Dep't 1992). *See also Burns v. Burns*, 174 A.D.3d 570, 572 (2d Dept. 2019); *Mazzei v Kyriacou*, 139 A.D.3d 823 (2d Dep't 2016).

The failure or inability of the Plaintiffs in the instant case to allege that they had ever possessed a prior interest in the subject condominium, presents a fatal flaw to Plaintiffs' Third Amended Complaint [Doc. 46]. *See e.g. Burns v. Burns*, 174 A.D.3d 570, 572 (2d Dept. 2019).

Letter to Dara L. Rosenbaum, Esq.
January 31, 2025
Page - 3 of 6 –

Additionally, the Plaintiffs' failure to allege that they had been involved in the conveyance of the subject condominium, serves as yet another fatal flaw to Plaintiffs' Third Amended Complaint [Doc. 46]. *See e.g. Liselli v Liselli*, 263 A.D.2d 468, 496 (2d Dep't 1999).

Moreover, the Plaintiffs' failure to allege that anyone had promised to transfer a 25% interest in the subject condominium to them, or that they had detrimentally relied upon such a promise, presents additional fatal flaws. *See e.g. Igneri v. Igneri*, 125 A.D.3d 813 (2d Dep't 2015).

On another note, the Plaintiffs' complaint seeking the imposition of a constructive trust based upon their father's interest in the property before his death appears to be based on laws of inheritance and, as such, any claim of entitlement could only be pursued by executor or administrator of their father's estate. *See Igneri v. Igneri*, 125 A.D.3d 813 (2d Dep't 2015) (where the Appellate Division, Second Department dismissed the constructive trust cause of action because "the complaint does not allege the existence of a promise between the plaintiff and the defendant, or a transfer in reliance upon a promise between them."). *See also Gaentner v. Benkovich*, 18 A.D.3d 424 (2d Dept't 2005) (where the Appellate Division, Second Department dismissed the constructive trust cause of action because "the plaintiffs failed to show any legally cognizable 'transfer in reliance' or unjust enrichment enjoyed by the decedent.").

It's clear that the Plaintiffs in the instant case remain completely unable to show a legally cognizable "transfer in reliance" on a promise made to them. Plaintiffs are further unable to show that they suffered any "unjust enrichment" at their expense. *See* Third Amended Complaint [Doc. 46].

This case is similar to *Satler v Merlis*, 252 A.D.2d 551 (2d Dep't 1998), where a gentleman had permitted his girlfriend to live alone in his townhouse condominium and made declarations that the townhouse "would be [hers] in perpetuity." However, when the gentleman requested his girlfriend to vacate the premises, she not only refused, but also brought an action for imposition of a constructive trust. The Appellate Division, Second Department affirmed the dismissal of the constructive trust claim holding that the girlfriend had failed to show any legally cognizable "transfer in reliance," nor any "unjust enrichment." The court further held that the gentleman's purported declarations that the townhouse would be hers in perpetuity "were merely promises of future intent rather than misrepresentations of existing fact made to induce action or inaction on her part." *Id.* at 552.

The "transfer in reliance" that Plaintiffs rely upon in the instant complaint appear to involve promises made, not to Plaintiffs, but rather promises made to their father. Likewise, the expense of "unjust enrichment" was not alleged to have resulted in an unjust suffering endured by Plaintiffs.

Letter to Dara L. Rosenbaum, Esq.
January 31, 2025
Page - 4 of 6 –

In accordance with the binding case law cited above, even if this Honorable United States District Court were to construe the facts alleged in Plaintiffs' Third Amended Complaint [Doc. 46] in the light most favorable to the Plaintiffs, the instant complaint fails to allege a sufficient cause of action seeking to impress a constructive trust. As such, Plaintiffs' "First Cause of Action" based upon a theory that Defendants engaged in a "Breach of Constructive Trust," must be dismissed on the grounds that it fails to state a claim upon which relief can be granted.

## *II.*    Plaintiffs Failed to State a Claim for "Action to Quiet Title"

In the "Second Cause of Action," where Plaintiffs assert an "Action to Quiet Title" as the legal predicate to nullify the deed executed by John V. Amendola on June 29, 2021, Plaintiffs rely solely upon unsupported statements of intent that had never been reduced to a writing and duly subscribed by the Plaintiffs' father, John V. Amendola. *See* Third Amended Complaint [Doc. 46].

Plaintiffs' tacitly concede that the deed executed by John V. Amendola on June 29, 2021, serves as the only written document that was duly subscribed by John V. Amendola (or his authorized agent) conveying the subject condominium. In fact, the Plaintiffs' Third Amended Complaint [Doc. 46], mentions no other writing duly subscribed by John V. Amendola that could, or would, limit or condition the transfer of 25% of the subject condominium that was made on June 29, 2021.

New York State General Obligations Law § 5-703 (1) states in pertinent part:

> An estate or interest in real property. . . or any trust or power, over or concerning real property . . . cannot be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing.

The Plaintiffs' Third Amended Complaint [Doc. 46], hinges upon the far-fetched notion that on June 17, 2021, John V. Amendola formed an intent to effectuate a transfer of a 25% interest in the subject condominium for the benefit of Plaintiffs, yet he expressed this intent on June 29, 2021 (after having obtained independent legal advice) by executing a deed in writing, duly executed and subscribed before a Notary Public, unconditionally transferring his 25% interest to the Defendants without documenting any formal reservations of rights for the benefit of Plaintiffs, whatsoever. Without question, the deed executed on June 29, 2021, fully complied with General Obligations Law § 5-703 and it must be honored. Without question, anything that was not expressed in writing and duly subscribed by John V. Amendola, does not comply with General Obligations Law § 5-703), and must be dishonored.

Letter to Dara L. Rosenbaum, Esq.
January 31, 2025
Page - 5 of 6 –

The Third Amended Complaint [Doc. 46] reflected Plaintiffs' fatally deficient inability to allege (truthfully or otherwise) that an interest in the subject condominium had been created, granted, assigned, surrendered or declared, and expressed, for the benefit of Plaintiffs by a deed or conveyance in writing, subscribed by John V. Amendola, Plaintiffs' father.

Common sense tells us that if John V. Amendola had truly intended for Plaintiffs to inherit a 25% interest in the subject condominium (especially after having obtained legal advice), John V. Amendola could have (and surely would have) expressed this intent in writing, through one or more simple estate planning techniques, that are commonly used each and every day, such as: (i) by Deed transferring the 25% interest into the Plaintiffs names, rather than Defendants' names; (ii) by establishing a Trust for the benefit of Plaintiffs that would manage and hold the 25% interest for Plaintiffs in trust; (iii) by executing a Last Will and Testament devising the 25% interest in the subject condominium to Plaintiffs; or (iv) by doing nothing, particularly since Plaintiffs' father died intestate and Plaintiffs were his sole heirs.

The Plaintiffs' Third Amended Complaint [Doc. 46], relies upon the absurd premise that John V. Amendola had intended for Plaintiffs to inherit his 25% interest in the subject condominium, yet he acted in complete contradiction of this intent, even with the advice of independent counsel, as follows: (i) John V. Amendola failed to convey any interest in and to the condominium to Plaintiffs in a written document (such as a deed, trust, will, or a contract) that was duly subscribed by John V. Amendola as required by General Obligations Law § 5-703; (ii) John V. Amendola actually transferred his 25% interest to Defendants, and not to Plaintiffs which no one would ever do if that were not their intent; and (iii) John V. Amendola relied solely upon unsupported verbal statements of intent that he never bothered to reduce to a writing, duly subscribed in a formal document.

Pursuant to New York State General Obligations Law § 5-703 (1), the 25% interest in the subject condominium that Plaintiffs seek to obtain, cannot be created, granted, assigned, surrendered or declared, in the absence of a deed or conveyance in writing, subscribed by the Plaintiffs' father. The absence of writing, duly subscribed in a formal document, serves as a fatal defect to Plaintiffs' action to quiet title. As such, Plaintiffs' "Second Cause of Action" (entitled "Action to Quiet Title") fails to state a claim upon which relief can be granted and must be dismissed.

### *III.* **Conclusion**

In accordance with Rule 12 (b) (6) of the Federal Rules of Civil Procedure, the Plaintiffs' Third Amended Complaint [Doc. 46] must be dismissed on the grounds that both causes of action fail to state a claim upon which relief can be granted.

Letter to Dara L. Rosenbaum, Esq.
January 31, 2025
Page - 6 of 6 –

**PLEASE TAKE FURTHER NOTICE THAT** in Section II (A) of the Individual Rules of Practice of the Honorable Kenneth M. Karas dated December 17, 2024, it clearly provides that the filing of this letter:

> "[S]tays the time to answer or move until further order of the Court. Within seven days, the nonmovant shall respond by similar letter, indicating either that they will amend their pleading (with a proposed deadline for filing the amended pleading) or that they do not see a need to amend, citing the relevant case law that supports their position."

Once again, I respectfully request that you take steps to effectuate the immediate dismissal of this Federal Court Action, not only because it lacks merit as a matter of fact and law, but also because it will continue to cause a deleterious effect upon familial love, and waste significant financial resources that this family depends upon.

Thanking you in advance for your anticipated professionalism, I remain,

Very truly yours,

Rocco F. D'Agostino, Esq.

Encl.
cc:  Honorable Kenneth M. Karas
     Ms. Nadia F. Cavellero
     Mr. Robert N. Amendola and
     Ms. Anna Vecchio