

707 Westchester Avenue, Suite 409

White Plains, New York 10604

Tel. (914) 358-4422

www.rosenbaumtaylor.com

February 7, 2025

Via ECF

Rocco F. D'Agostino, Esq.
Law Offices of Rocco F. D'Agostino
445 Hamilton Avenue
Suite 607
White Plains, NY 10601

Re:   Estate of John V. Amendola v Nadia F Cavellero et al
      US Dist. Ct., So. Dist. N.Y. Case No: 7-23-cv-10607-KMK

Dear Mr. D'Agostino,

This letter is in response to your pre-motion letter dated January 31, 2025, pursuant to the Individual Rules of Practice of the Honorable Kenneth M. Karas dated August 28, 2023. Plaintiff does not see a need to amend the Third Amended Complaint.

Should you and your clients choose to file a motion on the grounds set forth in your letter, Plaintiffs will oppose said motion.

I will not spend time responding to your "fair readings" and will simply let the complaint speak for itself and cite the relevant sections of the complaint below as needed.

Constructive trusts "may be imposed when property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest." *Sharp v Kosmalski*, 40 NY2d 119, 121 [1976].

"A constructive trust is an equitable remedy, necessarily flexible to accomplish its purpose. Its purpose is to prevent unjust enrichment, although unjust enrichment does not necessarily implicate the performance of a wrongful act. What is necessary is that the court identify a party who is holding property under such circumstances that in equity and good conscience he ought not to retain it." *Counihan v Allstate Ins. Co.*, 194 F3d 357, 361 [2d Cir 1999].



A constructive trust was been found to be well pleaded by the court in *Weiss v Weiss*, 186 AD2d 247 [2d Dept 1992]. In *Weiss*, the plaintiff's grandmother wanted to purchase an apartment for plaintiff, who at the time was 17 years old. The defendant, plaintiff's father, told his mother that plaintiff was unable to own property until she attained the age of 18. The defendant convinced his mother to buy the property in his name upon his assurance that he would hold it until plaintiff, his daughter, reached the age of 18 and then would transfer it to her upon her request. After she reached 18 and requested he transfer the apartment to her, the defendant refused. The *Weiss* court held, "Where the owner of land transfers it inter vivos to another in trust for a third person, but no memorandum properly evidencing the intention to create a trust is signed, the transferee will be compelled to hold the land upon a constructive trust for the third person, if the transferee at the time of the transfer was in a confidential relation to the transferor. … In such a situation a wrong is committed not merely against the transferor but also against the third person; and a court of equity will specifically redress the wrong by putting the parties in the position in which they would have been if the wrong had not been committed. This view is well-established law in New York." (*Weiss v Weiss*, 186 AD2d 247, 249 [2d Dept 1992] (citations omitted).

While the elements of constructive trusts are, "(1) a confidential or fiduciary relation, (2) a promise, (3) a transfer in reliance thereon and (4) unjust enrichment … the New York Courts do not insist that a constructive trust must fit within the framework of these elements. *Counihan v Allstate Ins. Co.*, 194 F3d 357, 361-362 [2d Cir 1999].

Courts have observed that "although these factors provide important guideposts, the constructive trust doctrine is equitable in nature and should not be rigidly limited." *id* at 362.

"However, as these elements serve only as a guideline, a constructive trust may still be imposed even if all of the elements are not established and the factors should be applied flexibly." (*Dee v Rakower*, 112 AD3d 204, 212 [2d Dept 2013]).

Nothing in the oft repeated four elements requires that the promise must be between the plaintiff and defendant or that plaintiff be the one who transfers the property in reliance of a promise by defendant. Such a requirement would be inflexible and not in accordance with *Dee* and is contrary to *Weiss*.

The main issue is whether defendants are alleged to have been unjustly enriched and what allegedly led to that unjust enrichment.



Rocco F. D'Agostino, Esq.　　　　　　　Page 3　　　　　　　　February 7, 2025

Notwithstanding the above, the Third Amended Complaint includes allegations of all four elements set forth in *Counihan*:

1. Confidential Relationship:
    a. between John Amendola and defendants – See ¶19[1]-20
    b. between plaintiffs and defendants – see ¶21-22
2. A promise to transfer title to plaintiffs when CAA reached majority – see ¶¶ 34, 38, 42
3. Transfer of the property by John Amendola in reliance on defendants' promise - ¶¶ 44, 45
4. Unjust enrichment by defendants - ¶59

Beneficiaries of trusts have standing to bring actions against trustees. For example, trustees are liable to the trust for damages for numerous reasons including conflict of interest. *In re Estate of Rothko*, 43 NY2d 305 [1977]. There can be no greater conflict of interest by a trustee than claiming the corpus of the trust as one's own. *Weiss* is another example of the beneficiary seeking relief.

Your claim that plaintiffs do not possess an interest in the apartment presumes there is no constructive trust. It is the constructive trust by which plaintiffs possess an interest in the apartment. It is precisely that interest that defendants seek to deny plaintiffs. Plaintiffs' interest is similar to the interest of the plaintiff in *Weiss*.

None of the cases cited by you as grounds for dismissal are relevant to the set of facts here. Your attempted characterization that the claim is based on the laws of inheritance is a misreading of the complaint. Your citation of *Igneri v Igneri*, 125 AD3d 813 [2d Dept 2015] in support of the proposition that the claim can only be brought by the Estate of John Amendola is a misrepresentation of *Igneri*. The complaint in *Igneri* seeking a constructive trust was based on the allegation that the plaintiff there would inherit her father's interest upon his death. That is not the case here.

Plaintiffs reserve their right to respond to all the cases cited in any brief or memorandum of law as and when their opposition to defendants' motion, should one be filed, is due.

With regard to the Second Cause of Action, no cases were cited to support defendants' position that it should be dismissed. The claims are conclusory and ignore the allegations in the complaint

---

[1] Paragraph numbers refer to paragraph numbers of the Third Amended Complaint. ECF Doc. No. 46.



that the Deed plaintiffs seek to vacate was the product of a fraudulent scheme by defendants to convince John Amendola to convey his interest in the property for no consideration. See ¶72.

Other parts of your letter appear to argue and/or characterize the facts as alleged in the complaint. That is contrary to the Court's role in a Rule 12(b)(6) motion. In deciding a motion to dismiss under Rule 12(b)(6) the "Court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Assn. for Victims of Agent Orange v Dow Chem. Co.*, 517 F3d 104, 115 [2d Cir 2008].

Under the facts as alleged in the Third Amended Complaint and pursuant to the above cited cases, defendants' proposed motion, if brought, should be dismissed.

Very truly yours,

*Gary M. Krim*
GARY M. KRIM

cc:	Honorable Kenneth M. Karas via ECF