UNITED STATES DISRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTIN C. AMENDOLA AND CAA, A MINOR CHILD BY LISA GRIFFO<br><br>Plaintiff,<br><br>- against -<br><br>NADIA F. CAVELLERO, ROBERT N. AMENDOLA and ANNA VECCHIO,<br>Defendants | Case No.  7:23-cv-10607<br><br><br>**DECLARATION** |

I, GARY M. KRIM, pursuant to 28 U.S. § 1746, declare the following to be true, under penalties of perjury,

1. I am an associate of Rosenbaum & Taylor, P.C., attorneys for Plaintiffs and as such I am fully familiar with the facts and circumstances herein.

2. This declaration is submitted in opposition to Defendants; motion to dismiss Plaintiff's Third Amended Complaint (the "TAC").

3. Defendant's motion is based on the position that this Court lacks subject matter jurisdiction and on the positions that the TAC does not state a cause of action for a constructive trust or a cause of action to quiet title.

4. For the reasons set forth in the accompanying memorandum of law, it is respectfully submitted that this Court has subject matter jurisdiction and the TAC states a cause of action for a constructive trust and to quiet title, and therefore, Defendants' motion should be denied in full.

5. Prior to bringing the instant motion, in lieu of answering the TAC, Defendants' counsel sent me a letter dated January 31, 2025 "pursuant to Section II(A) of the Individual Rules of Practice of the Honorable Kenneth M. Karas dated December 17, 2024." (the "Letter") See Doc. 47.

6. Defendants' position in the Letter regarding the Second Cause of Action to quiet title is that it should be dismissed, citing the NYS GOL ¶5-703, the Statute of Frauds. No other statute or case law was cited to support that part of the pre-motion letter.

7. Defendants' positions, stated for the first time in the motion to dismiss, are:

   a. The entire TAC should be dismissed because the Court lacks subject matter jurisdiction. (see Point I of Defendants' argument).

   b. The First Cause of action should be dismissed because CAA has not attained the age majority (see Point II of Defendants' argument).

   c. The First Cause of action fails to name an essential party (see Point IV of Defendants' argument).

   d. The First Cause of action fails to state a plausible claim for relief (see Point V of Defendants' argument)[1].

   e. The First Cause of action does not allow for a reasonable inference that Defendants engaged in misconduct has been plausibly alleged. (see Point VI of Defendants' argument)[2].

   f. The Second Cause of Action must be dismissed based on the failure to name Josephine Amendola or the Estate of John Amendola, both as it is argued are required by the RPAPL and lack of standing (see Point VII of Defendants' argument).

8. The Letter and motion demonstrate Defendants' failure to comply with the Court's Individual Rules of Practice. The latter requires, before filing a motion, a letter which

---

[1] The portion of the pre-motion letter including addressing the plausibility of the claim was in reference to Second Cause of Action only.
[2] 2 See footnote 1

"shall include each specific argument and relevant case law supporting the movant's position as to why the complaint may fail or partially fail as a matter of law."

9. Because the Letter did not state any of the above enumerated positions as grounds for seeking relief or include any specific argument and relevant case law supporting any of the above enumerated positions Plaintiffs had no opportunity to research any of the above enumerated issues or amend the complaint as possibly needed prior to filing of the motion by Defendants.

10. For all the reasons above, and supported by the accompanying Brief in Opposition to Defendants' motion, it is respectfully requested that Defendants' motion to dismiss the Complaint be denied in full. In the event the Court grants Defendants' motion, in whole or in part for any of the above enumerated grounds, Plaintiffs request that dismissal be without prejudice because Plaintiffs, as nonmovant, did not have a chance to research the movant's arguments and amend as needed prior to the filing of the motion by Defendants.

11. I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 7, 2025
        White Plains, New York

                                        /s/ Gary M. Krim_____
                                        GARY M. KRIM (GK2509)